United States District Court
Southern District of Texas
**ENTERED**
December 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-175 |
| | § | |
| SHARON RUIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Pending before the Court is Plaintiff's Amended Complaint (D.E. 18) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On October 6, 2020, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Case (D.E. 19), recommending that this action be dismissed as frivolous and/or as failing to state a claim upon which relief may be granted. The M&R reasons that this case is barred by res judicata because Plaintiff brought the same claims in a prior lawsuit that was dismissed with prejudice. The M&R also states that Plaintiff does not have a cognizable claim based on the administration of the prison grievance process.

Plaintiff's deadline for filing objections to the M&R passed on October 20, 2020. Plaintiff did not place his objections (D.E. 27) in the mail until November 1, 2020, according to the envelope on file (D.E. 27-2). Therefore, the Court OVERRULES the objections as untimely. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). As addressed below, Plaintiff's objections lack merit even if they are considered.

First, Plaintiff objects that his claims should not be dismissed because he has not had three cases dismissed as frivolous under the Three Strikes Rule. His action is not now being dismissed because of the Three Strikes Rule. It is being dismissed because, standing alone, the claims are frivolous. For that reason, the dismissal in this case will count as a strike going forward. His first objection is **OVERRULED**.

Second, Plaintiff objects that a case is not frivolous if any claim is retained for adjudication. This argument appears to stem from the fact that, in his prior case, the claims against the medical defendants were retained and adjudicated after the claims against the grievance defendants (the same Defendants named here) were dismissed. Cause No. 2:18-cv-170, D.E. 19, 45. He cites Federal Rule of Civil Procedure 54(b) as authority for treating that partial dismissal as interlocutory and subject to reconsideration in this action. But he is mistaken. Rule 54(b) provides that such interlocutory orders merge into the final judgment and become appealable at the time the final judgment is issued.

The claims against the grievance defendants in the prior case were identical to the claims against the present Defendants. Those claims were dismissed as lacking any merit. While that decision was interlocutory during the pendency of that action, it became final when the remaining claims were adjudicated on March 27, 2020. Cause No. 2:18-cv-170, D.E. 71, 72. All interlocutory decisions merge into the final judgment when it issues. *Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014).

Plaintiff did not appeal that final judgment into which the interlocutory dismissal of his claims against the grievance defendants merged. He cannot now collaterally attack

that judgment by refiling or renewing the claims and treating them as a continuing action. *United States v. Calton*, 900 F.3d 706, 713 (5th Cir. 2018) (Res judicata prevents collateral attack on a final judgment in a lawsuit between the same parties). The retention of claims against other defendants in the prior action has no bearing on this action. The prior final judgment rendered the dismissal of the claims against the grievance defendants final. Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff objects to the M&R's treatment of the judgment in the prior case as a dismissal with prejudice. This argument appears to be based on the idea that, by splitting the prior case between the grievance defendants and the medical defendants, the final judgment of dismissal could not be "with prejudice." Plaintiff fails to brief any authority for this proposition and it is an erroneous construction of the law. *See* Fed. R. Civ. P. 54(b); *Meadaa*, 756 F.3d at 879. Plaintiff's third objection is **OVERRULED**.

Fourth, Plaintiff objects that, as a layperson, he is entitled to liberal construction of his pleadings. More specifically, he appears to object that he is being held to a linguistic standard that he has not been trained for. But the M&R does not hold him to any recitation of "magic words." The recommendation of dismissal is based on the fact that—whatever they may be—the claims brought here are identical to those brought in the previous case and res judicata applies. Plaintiff's fourth objection is **OVERRULED**.

The balance of his briefing involves a discussion of his claims on the merits. This is a matter that the Magistrate Judge did not reach—and properly so. Res judicata requires only that the claims be sufficiently similar to have been precluded by the first judgment at issue. *Calton,* 900 F.3d at 713. Because the claims are barred, the Court

does not now consider them on their merits. Any objection contained within the briefing on the merits is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 15th day of December, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE